# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| NICHLOS LONGWORTH WARREN, III, <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA DEPARTMENT OF CORRECTIONS & DR. AWIE,[1] *Coastal State Prison*, <br><br> Defendants. | Case No. CV411-230 |

## REPORT AND RECOMMENDATION

Before the Court is a 42 U.S.C. § 1983 civil rights complaint and motion to proceed *in forma pauperis* ("IFP") filed by Nichlos Warren. (Doc. 1 (complaint); doc. 2 (IFP motion).) The Court **GRANTS** Warren's IFP motion because he swears under penalty of perjury that he has just been released from prison and has no income or assets. (Doc. 2 at 1-3.)

---

[1] Based upon previous cases, the Court believes the proper spelling is Dr. Awe. *See Canfield v. Koon*, No. CV410-198 (S.D. Ga. Sept. 14, 2010). Nevertheless, it will leave the caption unchanged.

Since Warren is proceeding IFP, the Court will screen the complaint pursuant to 28 U.S.C. § 1915(e) to determine whether it is frivolous or malicious, fails to state a claim for relief, or seeks monetary damages against a defendant immune from such relief. *Id.*

Warren complains that after injuring his knee at Coastal State Prison, the medical staff failed to promptly refer him for an MRI. (Doc. 1 at 5-6.) Dr. Awie examined Warren's leg, concluded that it did not appear to be a ligament tear, and prescribed a wheelchair. (*Id.* at 6.) Two months later, he prescribed a cane and knee brace, stating that walking was necessary to help the knee heal. (*Id.*) The brace didn't help. After more complaints, Dr. Awie finally approved an MRI. (*Id.*) In the meantime, Warren was transferred to Augusta State Medical Prison. (*Id.*) The doctors there conducted the MRI, which revealed serious ligament damage requiring surgery. (*Id.*) He was released two weeks later and never received the surgery. (*Id.*) He seeks damages plus an injunction compelling the Georgia Department of Corrections to fund his knee operation. (*Id.* at 7.)

In order to state an Eighth Amendment claim that a prison official acted with deliberate indifference to a serious medical need, a § 1983

plaintiff must satisfy both an objective and subjective inquiry. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000); *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). First, he must set forth evidence of an objectively serious medical condition. *Farrow*, 320 F.3d at 1243; *Taylor*, 221 F.3d at 1258; *Adams*, 61 F.3d at 1543. Second, he must show that the prison official acted with an attitude of deliberate indifference to that serious medical need. *Farrow*, 320 F.3d at 1243; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999); *Campbell v. Sikes*, 169 F.3d 1353, 1363 (11th Cir. 1999). And as is true in all tort actions, the plaintiff must also establish that the defendants' indifference caused his injury. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).

Warren, who may have an objectively serious medical need, fails on the subjective component. He would have stated a plausible claim had he asserted facts showing that Awie knew that there was serious ligament damage and then refused to treat the condition despite his knowledge that such treatment was medically necessary. The Court, however, cannot simply fill in the blanks by inferring such allegations. *See Bivens v.*

*Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb. 18, 2009) (judges must not raise issues and arguments on plaintiffs behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ) (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). Warren's allegations support, at most, a claim of medical malpractice, but § 1983 does not provide a remedy for such a garden variety negligence claim. *Brown v. Prison Health Servs., Inc.*, 2008 WL 131169 at *3 (S.D. Ga. 2008) (quoting *Brinton v. Gaffney*, 544 F. Supp. 388, 389 (E.D. Pa. 1983)).

Finally, Warren's claims against the Georgia Department of Corrections ("GDOC") fail as a matter of law. As an arm of the state, the GDOC enjoys Eleventh Amendment immunity, which bars such actions regardless of whether the plaintiff seeks damages or injunctive relief. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989.) As an additional matter, a suit against the Georgia Department of Corrections fails because § 1983 only permits suits against "persons." 42 U.S.C. § 1983. Had Warren pursued the GDOC's Commissioner the claim would still fail, since he has not offered any facts showing that the commissioner was on notice of the alleged violation or that his knowledge amounted to

4

deliberate indifference. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (§ 1983 actions cannot be based upon theories of vicarious liability or *respondeat superior*); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (a § 1983 plaintiff must show that supervisory official's either directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivations).

Warren's case should be **DISMISSSED**, as it bears no indication that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, at 425-27 (11th Cir. 2010) (even though IFP litigant's pro se complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

**SO REPORTED AND RECOMMENDED** this 6th day of October, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5